# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br>**vs.**<br><br>**GARY ARTHUR DEMOTT,**<br><br>    **Defendant.** | CASE NO: CR00-79-S-EJL<br>           CV04-347-S-EJL<br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Petitioner Gary DeMott's motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). The motion seeks an order for relief from final judgment entered in this matter arguing the judgment is void. The motion states the grounds upon which Mr. DeMott argues the judgement is void including: lack of personal and subject matter jurisdiction, due process clause violations, and the relevant provisions of the IRS code. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

## Discussion

On December 6, 2000, Mr. DeMott was convicted by a jury of one count of conspiracy to defraud the United States, seven counts of aiding and assisting in the filing of false tax returns, and four counts of failure to file income tax returns. The convictions were appealed and affirmed by the Ninth Circuit. Mr. DeMott then filed a 2255 Petition which was denied by this Court on November 9, 2005. The Ninth Circuit later denied Mr. DeMott's certificate of appealability. Thereupon Mr. DeMott has filed this instant motion pursuant to Rule 60(b)(4).

> Rule 60(b)(4) authorizes relief from void judgments and states, in relevant part:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void;....

Fed. R. Civ. P. 60(b)(4) (emphasis added). A judgment is void only if the court that rendered it lacked subject matter jurisdiction, lacked jurisdiction over the parties or if the court acted in a manner inconsistent with due process. See Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir. 1988). The instant motion couches the same arguments raised in the § 2255 petition in the language of Rule 60. The Court has reviewed Mr. DeMott's motion in this matter and finds his arguments are without legal or factual merit. At best, the arguments are more properly treated as a successive § 2255 petition as they raise the same grounds asserted in the initial §2255 petition. Because the Ninth Circuit has not granted Mr. DeMott authorization to allow this Court to consider a successive § 2255 petition, this Court is without jurisdiction to hear this motion. See 28 U.S.C. § 2244(b)(3)(A), § 2255; see also United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (failure to request the requisite authorization to file a second or successive § 2255 motion deprives the district court of jurisdiction). Accordingly, the Court will deny the Rule 60(b) motion.

Order

Based on the foregoing, the Court hereby orders Petitioner Gary DeMott's motion for relief from judgment (Docket No. 342) is DENIED.

DATED: **February 22, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER
07ORDERS\DEMOTT_recon.wpd