# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO: CR00-79-S-EJL |
| **Plaintiff,** | **MEMORANDUM ORDER** |
| **vs.** | |
| **GARY A. DeMOTT,** | |
| **Defendant.** | |

Pending before the Court in the above-entitled matter are Defendant Gary Arthur DeMott's 1) notice of false record, 2) notice to correct or conform, and 3) notice of falsifying the record, notice of falsifying the docket record, and motion to reconsider. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

**Factual and Procedural Background**

On December 6, 2000, Mr. DeMott was convicted by a jury of one count of conspiracy to defraud the United States, seven counts of aiding and assisting in the filing of false tax returns, and four counts of failure to file income tax returns. The convictions were appealed and affirmed by the

Ninth Circuit. Mr. DeMott then filed a 2255 Petition which was denied by this Court on November 9, 2005. The Ninth Circuit later denied Mr. DeMott's certificate of appealability. This Court denied Mr. DeMott's motion to set aside judgment filed pursuant to Rule 60(b)(4) on February 22, 2007. (Dkt. No. 347).

**Discussion**

I. <u>Notice of False Record / Notice to Correct or Conform</u>:

Mr. DeMott has filed two separate notices demanding corrections to the record and requesting copies of certain portions of the record. The first notice, filed on February 26, 2007, refers to Mr. DeMott's Rule 60 motion and essentially requests an update as to the status of the motion and whether any hearing date on the motion was scheduled. Because the Court had previously ruled upon the Rule 60 motion (Dkt. No. 347), the notice and its requests are moot.

The second notice to correct or conform refers back to the first notice and asks for a certified copy of the original order issued on February 22, 2007. This order was served upon Mr. DeMott at the time the order was entered at the address reflected on all of Mr. DeMott's filings. (Dkt. No. 347). Accordingly, this request is also moot.

II. <u>Notice of Falsifying the Record and Docket and Motion to Reconsider</u>:

Mr. DeMott asks that the Court reconsider its February 22, 2007 order denying his Rule 60 motion. The motion argues the Court is without jurisdiction, improperly relied upon a falsified record, and generally challenges his criminal convictions.

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to

reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984). The scope and purpose of such a motion have been analyzed as follows:

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. (Citations omitted). These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. (Citations omitted). Moreover they cannot be used to argue a case under a new legal theory. (Citations omitted).

Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);

> Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
> . . .
> [A] rehash of the arguments previously presented affords no basis for a revision of the Court's order.

Illinois Central Gulf Railroad Company, v. Tabor Grain Company, 488 F.Supp. 110, 122 (N.D. Ill. 1980).

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [S]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed. Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984). See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly."). The Ninth Circuit has identified three reasons

sufficient to warrant a court's reconsideration of a prior order:  (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice.  School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

The instant motion has offered no change in the law, new evidence, or identified any clear error in this case.  There is no basis or merit to the motion to reconsider as it simply rehashes arguments previously raised in this matter.  As to the notice of falsifying the docket record, Mr. DeMott argues discrepancies in the record exist; in particular as to the docket utility event entered on May 16, 2001.  The Court has reviewed the docket in this case and it is correct.

### ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** Defendant's motion for reconsideration (Dkt. No. 351).  Defendant's Notices (Dkt. Nos. 348, 350) are **MOOT**.

DATED:  **April 27, 2007**

Honorable Edward J. Lodge
U. S. District Judge