# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>       **Plaintiff,**<br>**vs.**<br><br>**GARY A. DeMOTT,**<br><br>       **Defendant.** | CASE NO: CR00-79-S-EJL<br>              CV04-347-S-EJL<br>**MEMORANDUM ORDER** |

      Pending before the Court in the above-entitled matter is the Ninth Circuit's Order requesting this Court to deem the notice of appeal filed by Mr. DeMott (Docket No. 353) also as a request for a certificate of appealability pursuant to Fed. R. App. P. 22 and determine whether a certificate of appealability should issue.

      This Court issued a Memorandum Order on February 22, 2007 (Docket No. 347) denying Mr. DeMott's motion to set aside his judgment pursuant to Fed. R. Civ. P. 60(b)(4). This Court issued another Memorandum Order on April 27, 2007 (Docket No. 352) denying Mr. DeMott's notice of false record, notice to correct or conform, notice of falsifying the record, notice of falsifying the docket record and motion to reconsider. Mr. DeMott filed a notice of appeal (Docket No. 353) on May 24, 2007 regarding the Court's two Memorandum Orders (Docket Nos. 247 and 352). Mr. DeMott did not file a request for a certificate of appealability. The Court must now decide whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

MEMORANDUM ORDER
08ORDERS\DEMOTT_COA.WPD

1

Having carefully reviewed the following issues and otherwise being fully advised, the Court enters the following Order.

## I.     Standard of Law

In order to pursue any appeal from the denial or dismissal for writ of habeas corpus brought by a federal prisoner under 28 U.S.C. § 2255, a petition/appellant must first obtain a certificate of appealability.  See 28 U.S.C. § 2253(c);[1] Fed. R. App. P. 22(b).[2]

When the denial or dismissal of a habeas corpus petition is based upon the merits of the claims in the petition, a district court should issue a certificate of appealability only where the appeal presents a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c). To satisfy the "substantial showing" standard, a petitioner "must demonstrate that the issues are debatable among jurists of reason[,] that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further."  Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394-95 (1983) (setting forth the standard for issuance of a certificate of probable cause, the predecessor to the certificate of appealability).

The Ninth Circuit has recently discussed the requirements for a certificate of appealability in Allen v. Ornoski, 435 F.3d 946, 951 (9th Cir. 2006):

---

[1] 28 U.S.C. § 2253(c) provides, in pertinent part:
(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
. . .
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

[2] Fed. R. App. P. 22(b)(1) provides that "In a habeas corpus proceeding in which the detention complained of arises out of process issued . . . in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justices or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . ."

MEMORANDUM ORDER
08ORDERS\DEMOTT_COA.WPD

A petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484, 120 S.Ct. 1595; see also Miller-El v. Cockrell, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To meet this "threshold inquiry," Slack, 529 U.S. at 482, 120 S.Ct. 1595, the petitioner " 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " Lambright, 220 F.3d at 1025(alteration and emphasis in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (internal quotation marks omitted)). Even if a question is well settled in our circuit, a constitutional claim is debatable if another circuit has issued a conflicting ruling. See id. at 1025-26. "[T]he showing a petitioner must make to be heard on appeal is less than that to obtain relief." Id. at 1025 n. 4 (citations omitted); see also Miller-El, 537 U.S. at 337, 123 S.Ct. 1029 (reaffirming the Court's holding in Slack "that a COA does not require a showing that the appeal will succeed"); Silva v. Woodford, 279 F.3d 825, 832 (9th Cir.2002) ("It is essential to distinguish the standard of review for purposes of granting a COA from that for granting the writ.").

The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. See United States v. Asrar, 116 F.3d 1268 (9th Cir. 1997). "The District Court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. 28 U.S.C. § 2253(c)93). Fed. R. App. P. 22(b)." Id. at 218.

**II.   Discussion**

In reviewing the underlying motions related to the Court's Memorandum Orders (Docket Nos. 347 and 352), the Court notes that Mr. DeMott is again claiming this Court lacks proper jurisdiction to have entered judgment against Mr. DeMott. This current motion is meritless, redundant and arguably a successive § 2255 motion instead of a Rule 60(b)(4) motion. There is

no basis set forth in the notice of appeal why this Court's rulings are debatable or denied a constitutional right.

On December 6, 2000, Mr. DeMott was convicted by a jury of one count of conspiracy to defraud the United States, seven counts of aiding and assisting in the filing of false tax returns, and four counts of failure to file income tax returns. The convictions were appealed and affirmed by the Ninth Circuit. Mr. DeMott then filed a 2255 Petition which was denied by this Court on November 9, 2005. The Ninth Circuit later denied Mr. DeMott's certificate of appealability. Thereupon Mr. DeMott has filed his motion pursuant to Rule 60(b)(4).

Rule 60(b)(4) authorizes relief from void judgments and states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void;....

Fed. R. Civ. P. 60(b)(4) (emphasis added). A judgment is void only if the court that rendered it lacked subject matter jurisdiction, lacked jurisdiction over the parties or if the court acted in a manner inconsistent with due process. See Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir. 1988). The Rule 60(b) motion couches the same arguments raised in the § 2255 petition in the language of Rule 60. The Court reviewed Mr. DeMott's motion and found his arguments to be without legal or factual merit.

Therefore, Mr. DeMott has made no credible showing or any new arguments as to why this Court's ruling his Rule 60(b)(4) motion is debatable. Nor can Mr. DeMott make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability cannot issue, and the Court finds it appropriate to deny Mr. DeMott's request.

MEMORANDUM ORDER
08ORDERS\DEMOTT_COA.WPD

**4**

## III. Order

IT IS HEREBY ORDERED that Mr. DeMott's deemed motion for a certificate of appealability (Docket No. 353) is **DENIED.** This file is to be forwarded to the Ninth Circuit for its review of the denial of the certificate of appealability. Fed. R. App. P. 22(b).

DATED: **April 29, 2008**

*Edward J. Lodge* (signature)
Honorable Edward J. Lodge
U. S. District Judge